# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MITRA DAS, MUKTI
L. DAS, and TROCA HOLDINGS
LLC, for themselves, and as assignees
of BOSTON EAST TYNGSBORO
HOLDINGS LLC,

        Plaintiffs,

   v.

THE LOWELL FIVE CENT SAVINGS
BANK, DAVID WALLACE, and
JOHN PRATT JR.,

        Defendants.

Case 1:24-cv-10931-PBS

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS OR
EXTEND RESPONSIVE PLEADING DEADLINE**

Defendants The Lowell Five Cent Savings Bank (the "Bank"), David Wallace, and John Pratt, Jr. (collectively, the "Bank Defendants") hereby submit this Reply in support of their Motion to Stay Proceedings or Extend Responsive Pleading Deadline, stating as follows:

Plaintiffs' Opposition alleges that the Bank Defendants' request for a stay of these proceedings pending entry of final judgment in the similar case pending in the Massachusetts Superior Court, *Boston East Tyngsborough Holdings, LLC, et al. v. Lowell Five Cents Savings Bank*, Civil Action No. 1981CV03481, (the "State Court Action") "is part of a broader strategy to delay these proceedings, unfairly prejudicing Plaintiffs." Opposition, at ¶4. Plaintiffs' allegations of intentional delay by the Bank Defendants are belied by a consistent pattern of questionable behavior by Plaintiffs aimed at avoiding liability for their own misconduct.

On September 12, 2024, counsel for the Plaintiffs engaged in a L.R. 7.1 conference with counsel for the Bank Defendants and counsel for former defendants Stephen Brake and Brian Lee.

During that conference, counsel for the Bank Defendants and for Defendants Brake and Lee advised Plaintiffs' counsel of their intention to seek dismissal of the original Complaint because virtually all of the Plaintiffs' claims in the Complaint were barred by the applicable statutes of limitation and because many (if not most) of the factual allegations contained in that pleading were demonstrably false.

Several days after that conference, counsel for the Plaintiffs notified counsel for all then-Defendants that Plaintiffs intended to file an amended complaint. While notifying Plaintiffs' counsel that the numerous deficiencies within the Complaint strongly suggested that any attempt to amend the original Complaint would be futile, the Defendants' counsel suggested that it would be a more efficient use of party and judicial resources to permit Plaintiffs an opportunity to submit a final amended pleading, so long as the Defendants were provided with additional time to respond to the potential amendment. The Parties agreed that an Amended Complaint would be filed by October 16, 2024.

Relevant to the Bank Defendants' request for a stay, on November 26, 2019, Plaintiffs commenced the State Court Action by filing a Verified Complaint and Jury Demand (the "State Court Complaint") in the Middlesex Superior Court. A copy of the State Court Complaint is attached hereto as Exhibit 1.  The allegations of the State Court Complaint largely mirror the allegations underpinning Plaintiffs' Complaint and Amended Complaint in this action.  In particular, Plaintiffs' State Court Complaint discussed the 2014 loan, alleged issues with the Bank's use of appraisals, the Bank's refusal to extend additional funding under the 2014 loan documents, the personal guarantees obtained from the individual plaintiffs in June of 2015, and allegations of improper conduct in connection with property insurance claims and related recoveries.  Plaintiffs' State Court Complaint asserted claims against the Bank for alleged breach contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, wrongful interference with Plaintiffs' contracts with their

insurers, and violations of Mass. Gen. Laws Ch. 93A.

On October 15, 2024, after years of litigation in the State Court Action and a bankruptcy filing aimed at halting the Bank's planned foreclosure auction, the Middlesex Superior Court entered summary judgment in the Bank's favor on all of the claims asserted by the Plaintiffs in the State Court Complaint and on the Bank's counterclaim.  A copy of the Superior Court's summary judgment decision (the "Summary Judgment Order") was attached to the Bank Defendants' Motion to Stay.  In that decision, the Superior Court ruled in the Bank's favor as to all of the Plaintiffs' claims, all of which were premised on the same allegations now presented to this Court by way of Plaintiffs' Amended Complaint. The Summary Judgment Order also granted judgment in the Bank's favor on its counterclaims against the Plaintiffs.

Rather than filing their Amended Answer by the agreed-upon deadline, on October 16, 2024, the Plaintiffs instead filed an Emergency Motion to Continue Deadline for Filing and Service of Amended Complaint ("Emergency Motion for Extension"). *See* Doc. no. 26. Notably, Plaintiffs' Emergency Motion for Extension alleged the following:

> *Because certain of the parties, facts, and claims in the Superior Court action dovetail with the allegations made here*, Plaintiffs need time to digest the Memorandum of Decision [entered in the State Court case] and consider its implications for the claims that may remain in an amended complaint.

Emergency Motion to Extend (emphasis added).

Ultimately, after receiving additional time to do so from this Court, the Plaintiffs filed their First Amended Complaint and Demand for Jury Trial (the "Amended Complaint") on October 25, 2024.  While the Amended Complaint dropped Plaintiff Abhijit (Beej) Das as a party plaintiff and removed claims previously asserted against defendants Richard Reault, Stephen Brake and Brian Lee, the allegations of the Amended Complaint remain virtually unchanged from Plaintiffs' earlier pleading.  A cursory review of the Amended Complaint demonstrates that, as before, Plaintiffs' Amended Complaint remains based entirely on the 2014 commercial loan and continues to spew false

3

allegations of alleged improprieties by the Bank and its counsel in an effort to undo the State Court Summary Judgment Order and simultaneously undermine Beej Das's criminal convictions.[1]

Knowing they likely face serious *res judicata* issues once judgment enters in the State Court Action, the Plaintiffs nevertheless filed their Amended Complaint in the vain hope of using this action to obtain another bite at the apple to by urging this Court to override the State Court's decision.  But judgment will enter in favor of the Bank in the State Court Action – and likely soon.

The Bank Defendants intend to move to dismiss the entire Amended Complaint. In order to avoid the need for piecemeal arguments or the need to supplement or file another motion to dismiss once judgment enters in the State Court Action, the Defendants requested a brief stay so that all of its arguments can be presented to the Court in a single, streamlined motion.[2] Because the Summary Judgment Order entered judgment in the Bank's favor on all claims that were raised – or that could have been raised – by the Plaintiffs, the entry of final judgment in the State Court Action will inevitably impact Plaintiffs' ability to continue their litigation here.

For these reasons and those raised in support of their Motion to Stay Proceedings or Extend Responsive Pleading Deadline, the Bank Defendants respectfully request this Honorable Court either (A) stay this matter for 45 days, or (B) extend Defendants' responsive pleading deadline to December 13, 2024, along with any other relief the Court deems appropriate.

---

[1] As Beej Das is no longer a party plaintiff in this proceeding, the purported relevance of the demonstrably false allegations of misconduct by Bank representatives in connection with Das's criminal trial remains a mystery.

[2] A required element for *res judicata* is entry of final judgment in the underlying matter. *See DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001),* citing *Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933).*

4

Respectfully submitted,
The Defendants,
THE LOWELL FIVE CENT SAVINGS
BANK, DAVID WALLACE, AND
JOHN PRATT, JR.,

By their counsel,

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn (BBO# 679229)
dsonneborn@preti.com
Gregory A. Moffett (admitted *pro hac vice*)
gmoffett@preti.com
Preti Flaherty Beliveau & Pachios, LLP
60 State Street, Suite 1100
Boston, Massachusetts 02109
Telephone: (617) 226-3800

Dated: November 21, 2024

## CERTIFICATE OF SERVICE

I certify that on November 21, 2024, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent to those indicated as non-registered participants.

/s/ *Daniel R. Sonneborn*
Daniel R. Sonneborn